Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
University of Arizona Rogers College of Law
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CARLOS BRAVO ACOSTA,<br><br>   Plaintiff,<br><br>vs.<br><br>1050 E. MOSSMAN, LLC, MARIA VASQUEZ, EMERY MOBILE HOME PARK, ADOBE MANOR MOBILE HOME PARK, LLC & BLACK MOUNTAIN ESTATES.<br><br>   Defendants | CASE NO:_____<br><br>Complaint for Violations of the Fair Labor Standards Act, the Arizona Minimum Wage Law, and the Arizona Wage Payment Laws |

## **INTRODUCTION**

1. This is an action by plaintiff Carlos Bravo Acosta ("Plaintiff"), against his former employers 1050 E. Mossman, LLC ("Mossman"), Maria Vasquez ("Ms. Vasquez"), Emery Mobile Home Park, ("Emery"), Adobe Manor Mobile Home Park, LLC, ("Adobe"), and Black Mountain Estates ("Black Mountain") (hereinafter collectively referred to as "Defendants").

2. Between about April 3, 2017, and about the end of July 2017 ("the relevant period"), Plaintiff worked for Defendants and, under their supervision, performed maintenance duties

at three mobile home parks: Emery, located at 6002 S. Fontana Ave., Tucson, AZ 85706; Adobe, located at 3339 E. Grant Rd., Tucson, AZ 85716; and Black Mountain, located at 4121 W. Tetakusim Rd., Tucson, AZ 85746. On certain occasions, during the relevant period, Plaintiff worked for more than 40 hours in a week. During the relevant period, Plaintiff was neither compensated in compliance with the State and Federal minimum wage laws in effect at the time, nor at time and one half for hours worked in excess of 40 in a week, as required by Federal Law. Moreover, Plaintiff was not compensated at all for his work from May 1 through May 5, 2017, from May 15 through May 19, 2017 or for his last two months of work from June 5 through the week of July 27, 2017.

3. During the relevant period, Plaintiff lived on the premises of Emery and Defendants unlawfully deducted rent and housing-related payments from Plaintiff's wages.

4. Plaintiff brings this action in order to recover damages arising out of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Arizona's Minimum Wage Law, A.R.S. § 23-362, and Arizona's Wage Payment Law, A.R.S §23-350 et.seq.

5. Specifically, Plaintiff seeks remedies for failure to pay wages in compliance with federal and state minimum wage laws, failure to pay wages at time and one half for hours worked in excess of 40 in a week, failure to pay wages in compliance with Arizona's Wage Payment Law, and unlawful deduction of wages in violation of federal and state wage laws. Plaintiff's recovery includes liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

**JURISDICTION AND VENUE**

6. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. This complaint also alleges causes of action under Arizona state laws that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District and because Defendants failed to pay Plaintiff wages for services performed in Arizona.

8. Mossman, Emery, Adobe, and Black Mountain, individually and collectively, have been enterprises that have had two or more employees handling, selling, or otherwise working on goods or services that have been moved in or produced for commerce, with an annual gross volume of sales made or business of no less than $500,000. 29 U.S.C. § 203(s)(1)(A).

**PARTIES**

9. Plaintiff is an individual who, at all times relevant to the instant action, has been a resident of Tucson, Arizona.

10. Plaintiff performed maintenance services for Defendants at three business locations in Tucson, Arizona, as described above in Paragraph 2. Plaintiff's tasks included mowing lawns, cleaning out abandoned trailer homes, gardening, assisting in plumbing operations, and resolving any other maintenance issues at any of the locations mentioned.

11. Defendant Mossman is a limited liability corporation, which operates and manages Emery, Adobe, and Black Mountain, and had the authority to assign, hire, discipline, or terminate Plaintiff.

12. Defendant Maria Vasquez was the property manager of Emery and was an agent acting on behalf of Defendant Mossman for all three of the properties. Maria Vasquez was Plaintiff's immediate supervisor who, among other things, scheduled Plaintiff's hours, made assignments to Plaintiff, supervised Plaintiff's work and handed Plaintiff his pay.

13. Defendant Emery is a corporation headquartered in Tucson, Arizona. Emery provides housing spaces for mobile homes in Tucson. Emery had the authority to assign, hire, discipline, or terminate Plaintiff.

14. Defendant Adobe is a limited liability corporation, headquartered in Tucson, Arizona. Adobe is a mobile home park that provides housing spaces for mobile homes in Tucson. Adobe had the authority to assign, discipline, hire or terminate Plaintiff.

15. Defendant Black Mountain is a corporation, headquartered in Tucson, Arizona. Black Mountain is a mobile home park that provides housing spaces for mobile homes in Tucson. Black Mountain had the authority to assign, hire, discipline or terminate Plaintiff.

16. Based on the facts described above in paragraph 11, Mossman was, in the relevant period, Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203 (d), A.R.S. § 23-362 (B), and A.R.S. § 23-350(3).

17. Based on the facts described above in Paragraph 12, Maria Vasquez, was, in the relevant period, Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203 (d), A.R.S. § 23-362 (B), and A.R.S. § 23-350(3).

18. Based on the facts described above in Paragraph 13, Emery, was in the relevant period, Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), A.R.S. § 23-362 (B), and A.R.S. § 23-350(3).

19. Based on the facts described above in Paragraph 14 above, Adobe was, in the relevant period, Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), A.R.S. § 23-362 (B), and A.R.S. § 23-350(3).

20. Based on the facts described above in Paragraph 15, Black Mountain was, in the relevant period, Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), A.R.S. § 23-362 (B), and A.R.S. § 23-350(3).

21. Based on paragraphs 11 through 20, Defendants, were, in the relevant period, joint employers of Plaintiff, within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.  As such, they are jointly and severally liable to Plaintiff for violations of his rights under the FLSA and Arizona law.

## FACTUAL ALLEGATIONS

22. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

23. At the outset of his employment, Plaintiff and Defendants orally agreed that his regular rate of pay would be $11.00 per hour.  Plaintiff and Defendants also orally agreed that he would receive $100 per week for living expenses, and Defendants would deduct rent from his wages.

24. During the relevant period, when Plaintiff was paid at all, he was paid $100 per week regardless of how many hours he worked. On a single occasion, in the last week of May 2017, he was paid $165.00 for a 28-hour workweek, a rate of $5.89 per hour.  During the entire relevant period, Defendants never paid Plaintiff at either the Federal or Arizona minimum

wage, described below in paragraphs 39 and 50 respectively or at the agreed upon regular rate of pay, described above in paragraph 23.

25. In a representative week beginning April 24, Plaintiff worked 48 hours performing the maintenance services described above in paragraph 10, but was only paid $100 for the entire week of work, a rate of $2.00 per hour.  He thereby received neither his agreed upon regular rate of pay, described above in paragraph 23, nor alternatively, the Federal or Arizona minimum wages, described below in paragraphs 39 and 50 respectively.

26. In the weeks beginning April 17 and April 24, Plaintiff worked more than 40 hours per week, but he was not compensated at one and a half times of either his agreed upon regular rate of pay, described above in paragraph 23, or alternatively, the Federal or Arizona minimum wages, described below in paragraphs 39 and 50, respectively, for the hours he worked in excess of 40, as required by Section 7(a) of the FLSA described below in paragraph 43.

27. Plaintiff was not compensated at all for the work he performed from May 1 through May 5, 2017, from May 15 through May 19, 2017, or for any of the hours he worked in his last two months of employment from June 5 through the week of July 27, 2017.

28. On or about August 16, 2017, Defendants served Plaintiff with a "Termination of Tenancy for Nonpayment of Rent."

29. On September 13, 2017, Defendants and Plaintiff agreed to a stipulated order requiring Plaintiff to pay $2,418.84 in satisfaction of the alleged rental debt, described above in paragraph 28.  Plaintiff no longer resides on the Defendants' premises.

30. During the relevant period, as described above in paragraphs 24-27, Defendants willfully withheld all or most of Plaintiff's earned wages.

31. Any deductions from Plaintiff's pay made by Defendants to offset any alleged rent Plaintiff owed Defendants exceeded the reasonable cost of the lodging and included a profit for the Defendants and/or affiliated persons or enterprises.

32. Defendants failed to maintain or preserve complete and accurate records regarding the alleged rent or other lodging-related costs they deducted from Plaintiff's pay, in violation of federal law, described below in paragraph 45.

33. Defendants failed to maintain accurate records of the hours worked and wages paid to Plaintiff as required by Federal and Arizona Law described below in paragraphs 44 and 51, respectively.

34. By their conduct described above in paragraphs 26, Defendants willfully ignored the Federal law, described below in paragraph 43, requiring Plaintiff to be paid at a rate of one and one-half times the regular rate of pay for hours worked in excess of 40 hours in a week. Defendants' also willfully ignored the Arizona wage payment law, described below in paragraph 57, requiring that overtime wages be timely paid.

35. By their conduct described above in paragraphs 24, 25, and 27, Defendants willfully ignored Federal and State minimum wage and wage payment laws described below in paragraphs 39, 50, and 57.

36. By their conduct in paragraphs 24-27 and 30-32, Defendants willfully ignored the laws related to permissible wage deductions in the FLSA, described below in paragraphs 40 and 45, and Arizona's Wage Payment Laws, described below in paragraph 59.

37. By willfully failing to pay minimum wage and overtime wages and by willfully failing to comply with Arizona's Wage Payment Law, Defendants enjoyed ill-gained profits at the expense of Plaintiff.

**FIRST CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO COMPLY WITH OVERTIME REQUIREMENTS, FAILURE TO MAINTAIN RECORDS, AND FAILURE TO COMPLY WITH REQUIREMENTS REGARDING WAGE DEDUCTIONS FOR THE COST OF LODGING, 29 U.S.C. §201** *et. seq.*

38. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

39. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.

40. The FLSA, 29 U.S.C. §203(m), allows employers to include as wages the reasonable cost of the employees' lodging. Reasonable cost as defined in §203 (m) is the actual cost of the lodging excluding profit. 29 C.F.R. § 531.3.

41. As described above in paragraphs 24 and 25 when Defendants paid Plaintiff at all, the payments were less than the minimum wage, in violation of 29 U.S.C. § 206(a)(1)(C).

42. As described above in paragraph 27, Defendants failed to pay any wages to Plaintiff from May 1 to May 5, 2017, from May 15 to May 19, 2017, and from June 5 through the week of July 27, 2017, in violation of 29 U.S.C. § 206(a)(1)(C).

43. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), establishes the right of employees to receive an overtime wage that is one and one-half times their regular wage for hours worked in excess of 40 hours each week. As described above in paragraph 26, Defendants failed to pay Plaintiff at one and one half times his agreed upon regular rate of pay or alternatively, the minimum wage for those hours which Plaintiff worked in excess of 40 hours in a week, in violation of 29 U.S.C. § 207(a).

44. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees. As described above in Paragraph 33,

Defendants did not maintain accurate records of Plaintiff's hours worked or wages earned, in violation of 29 U.S.C. § 211(c).

45. Section 516.27 of the FLSA regulations regarding wage deductions for lodging, 29 C.F.R. § 516.27, requires employers who make deductions from the wages of employees for the cost of lodging to maintain and preserve records substantiating the costs of the lodging-related deductions. As described above in paragraph 32, Defendants failed to keep complete and accurate records.

46. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and their omissions described above in paragraphs 24-27 and 30-31 were in compliance with the FLSA.  Because Defendants violated the FLSA with knowledge that they were doing so or with reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

47. Plaintiff has been harmed as a result of Defendants' violations of the FLSA. He has suffered financial damage due to Defendants' refusal to pay him as required by FLSA.

48. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid wages at the required legal rate for his work during the relevant period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

**SECOND CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. §23-362 et seq.**

49. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

50. The Arizona Minimum Wage Act, A.R.S. § 23-363(A), establishes the minimum wage that employers in Arizona must pay to their employees. In 2017, that rate was $10.00 per hour.

51. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records. Section 364(D) further requires that the employer permit the employee or his representative to "inspect and copy" payroll records upon request.

52. Based paragraphs 24, 25 and 27, set forth above, Defendants paid Plaintiff an hourly wage that was less than the Arizona minimum wage in violation of A.R.S. § 23-363(A), described above in paragraph 50.

53. Defendants failed to maintain accurate records of Plaintiff's wages and hours, in violation of A.R.S. § 23-364(D), described above in paragraph 51.

54. Defendants violated Arizona law with knowledge that they were in violation of the law or with reckless disregard for the requirements of the Arizona law. Accordingly, their conduct was willful.

55. Plaintiff has been harmed by Defendants' violations of the Arizona law, including loss of earnings, all of which will be proven at trial.

56. Based on the foregoing and pursuant to A.R.S. § 23-364 (G), Plaintiff seeks unpaid wages at the required legal rate for work performed during the relevant period, plus an additional amount equal to treble the underpaid wages, prejudgment interest, attorneys' fees, litigation costs, and all other costs, penalties and damages allowed by law.

## **THIRD CLAIM FOR RELIEF:**

**FAILURE TO TIMELY PAY WAGES OWED AND UNLAWFUL DEDUCTIONS IN VIOLATION OF THE ARIZONA WAGE PAYMENT LAW, A.R.S. §23-350 et. seq.**

57. Arizona law, A.R.S. § 23-351(A), requires employers to designate two or more pay days in each month, not more than 16 days apart.  With certain exceptions not relevant here, Arizona law, A.R.S. §23-351 (C), also requires employers to pay their employees on those designated paydays all wages (that are not overtime or exception pay) owed up to that point. Further, Arizona law, A.R.S. §23-351 (C)(3), requires that overtime pay be paid not later than 16 days after the end of the most recent pay period.

58. Based upon paragraphs 24-27 set forth above, Defendants failed to pay Plaintiff as required by Arizona law as described above in paragraph 57.

59. Arizona law prohibits employers from withholding or diverting any portion of an employees' paycheck unless it is required or empowered to do so by state or federal law, there is a written authorization by the employee, or there is a reasonable good faith dispute about the amount owed.  A.R.S. § 23-352.

60. By their conduct set forth in paragraphs 30-31, Defendants withheld wages from Plaintiff without a lawful basis for doing so under A.R.S. § 23-352, described above in paragraph 59.

61. Defendants violated Arizona law as described above in paragraphs 57 and 59 with knowledge that they were in violation of the law or with reckless disregard for the requirements of the Arizona law.  Accordingly, their conduct was willful.

62. Plaintiff has been harmed by Defendants' violations of the Arizona law, including loss of earnings, all of which will be proven at trial.

63. Based on the foregoing and pursuant to A.R.S. § 23-355(A) and A.R.S. § 12-341, Plaintiff seeks unpaid wages at the required legal rate for work performed during the relevant period, plus an additional amount equal to treble the underpaid wages, prejudgment interest, attorneys' fees, litigation costs, and all other costs, penalties and damages allowed by law.

## PRAYER FOR RELIEF

*WHEREFORE, Plaintiff Carlos Bravo Acosta respectfully requests that this Court:*

A.  Award Plaintiff wages owed for the minimum wage and overtime violations detailed above, plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial, less the $2,418.84 that Defendant Mossman was awarded in the stipulated order, described above in paragraph 29.

B.  Award Plaintiff three times the full amount of wages owed for violations of Arizona's Minimum Wage Act and Wage Payment Act with interest, as provided by A.R.S, § 23-364(G) and A.R.S. §355(A) in an amount to be determined at trial, less the $2,418.84 that Defendant Mossman was awarded in the stipulated order, described above in paragraph 29, and assess civil penalties pursuant to A.R.S. § 23-364(F);

C.  Award attorneys' fees and costs to Plaintiff for legal services provided by the Workers Rights' Clinic at the University of Arizona, James E. Rogers College of Law pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(G), and A.R.S. § 12-341.

D.  Grant such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Tucson, AZ

February 5, 2018

                                       Respectfully submitted,

                                  BY: _____/s/_____
                                        Nina Rabin
                                        Attorney for Plaintiff